FILED

MAR 18 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS FREEMAN,<br>Plaintiff,<br>v.<br>ALLSTATE LIFE INSURANCE COMPANY,<br>Defendant. | CIV NO. S-97-1579 GEB/PAN<br><br>FINAL PRETRIAL ORDER |

A final pretrial conference was held on March 15, 1999. Jerrold B. Braunstein, Esq., appeared on behalf of the Plaintiff; David A. Riegels, Esq., appeared on behalf of the Defendant.[1]

After hearing, the Court makes the following Order.

## I. JURISDICTION AND VENUE

Jurisdiction is based on 28 U.S.C. §§ 1332 and 1441(a). Venue is undisputed.

---

[1] The parties' respective counsel were provided with a draft copy of this Final Pretrial Order at the commencement of the final pretrial conference, which was used to create this Order.



34

## II. JURY/NON-JURY

All issues shall be tried to the bench.

## III. UNDISPUTED FACTS

### A. **Undisputed Facts**

1. On or about February 12, 1996, Shelly Freeman, wife of Plaintiff, was solicited by a telemarketer for the sale of a policy of life insurance.

2. During the application interview, Shelly Freeman was asked the following question and gave the following response:

> "Okay, now on the last three questions, I'll read a list of illnesses and please listen carefully and after I have finished answer 'yes' or 'no' to the question. During the past two years, have you sought or received treatment or advise or been hospitalized for cancer, stroke, diabetes, blood-pressure, for a disease of the heart, liver, kidneys, intestines or the nervous or respiratory systems?"
>
> Answer: "Uh, no."

The remaining questions in the interview to which Mrs. Freeman responded in the negative concerned whether Mrs. Freeman was a smoker; had AIDS; or was a user of drugs or alcohol.

3. The telemarketer then informed Mrs. Freeman that she was qualified to purchase $75,000.00 in term life insurance and would be receiving the coverage at no cost for two months, after which time $11.15 per month would be billed to her Sears Card.

4. At the time of her application, Shelly Freeman suffered from a seizure disorder and was taking Tegretol pursuant to a doctor's Prescription.

5. Shelly Freeman died on June 19, 1996.

6. An autopsy on Mrs. Freeman was performed by Gregory D. Reiber, M.D., a Forensic Pathologist working under the Sacramento County Coroner, that determined her death resulted from natural causes. Dr. Reiber entered "probable seizure disorder" as the cause of death.

7. On November 20, 1996, Curtis Freeman submitted a proof of claim to Allstate Life Insurance Company.

8. On January 29, 1997, Allstate informed Curtis Freeman that, since his wife had concealed the fact that she suffered from "respiratory problems" (allergies), there had been a material misrepresentation and coverage would be denied.

9. On February 19, 1997, the grounds for denial of coverage were changed from "respiratory problems" to "seizure disorder" and coverage was again denied.

10. On January 27, 1997, and again on February 19, 1997, Allstate Life Insurance Company advised Mr. Freeman that it had elected to rescind the policy of insurance and refunded $11.15, which was the entire amount of the premiums paid by Shelly Freeman.

## IV. <u>DISPUTED FACTUAL ISSUES</u>

A. Plaintiff contends that the following facts are disputed:

1. Whether Shelly Freeman intentionally misrepresented her physical condition to the telemarketer.

2. Whether Shelly Freeman was specifically asked, by the telemarketer, whether she suffered from epilepsy or seizure disorder.

3. Whether Shelly Freeman did obtain medical treatment from a physician regarding her epilepsy within two years preceding the application for insurance.

B. Defendant contends that the following facts are apparently disputed by the plaintiff:

1. That Shelly Freeman misstated or concealed her history of treatment for a seizure disorder during her February 12, 1996 application.

2. That had the history of treatment for a seizure disorder been disclosed during her February 12, 1996, application, Allstate Life Insurance Company would not have issued the policy of insurance to Shelly Freeman.

3. That defendant was entitled to rescind the policy of insurance.

V. <u>DISPUTED EVIDENTIARY ISSUES</u>

The parties have identified the following evidentiary disputes.

Plaintiff intends to object to the introduction of any evidence Defendant offers concerning its underwriting criteria in issuing policies of the same nature as sold to Shelly Freeman.

Defendant intends to object to any testimony by Gregory D. Reiber, M.D., on the grounds that plaintiff did not disclose any expert witness and on the grounds that any testimony purporting to contradict the cause of death as shown in the August 27, 1996, amendment to the certificate of death of Shelly Freeman is irrelevant and incompetent.

All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions as follows. Counsel for the parties are required to meet and confer on all reasonably anticipated evidentiary disputes for the purpose of identifying and seeking to resolve such disputes. This meeting shall simulate exactly how the matter would be handled at trial, thereby ensuring that the disputed issue is crystalized and readied for a decisive ruling. All evidentiary disputes capable of being resolved by in limine motions shall be set forth in a document entitled "Stipulation Re: Evidentiary Disagreements," that shall be filed no later than twenty (20) court days prior to trial. This stipulation shall be signed by counsel for the parties and shall specify with particularity the nature of the dispute, the purported relevancy and probative value of the disputed evidence, and the legal basis for its admissibility or non-admissibility.

Since this procedure is intended to expedite the trial by allowing the judge to make binding pretrial rulings, all disputes must be argued in the exact manner arguments would be made on these matters during trial. Therefore, the exact proposition on which the evidence is asserted to be probative must be stated. *Failure to state a basis for admissibility or non-admissibility of any evidence constitutes a waiver or abandonment of that basis.*

After the proponent of disputed evidence argues the precise legal and factual basis for its admissibility, the opponent of that evidence shall then state the legal and factual basis for opposing its admission. The parties' respective arguments and supporting authorities shall be set forth immediately following each party's position on the admissibility of a clearly-identified

specific item of evidence. If the same argument or a portion thereof applies to other evidentiary disputes, that argument may be incorporated by reference to support a party's position on the admissibility of other disputed evidence. All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the in limine motion shall be included in this stipulation; no separate briefing shall be filed.

The parties are cautioned that their failure to utilize the above procedures to resolve an evidentiary issue that is capable of being resolved in an in limine motion may be deemed a waiver of objection to such evidence.

VI. RELIEF SOUGHT

The relief Plaintiff seeks is the benefit of the policy, to wit, $75,000.00 plus interest, costs and damages for failure to pay benefits when due.

VII. POINTS OF LAW

A. The Final Pretrial Order supersedes the pleadings and controls the facts and claims which may be presented at trial. Any legal theory of relief or affirmative defense asserted in the pleadings but not preserved for trial in this section of the Final Pretrial Order cannot be raised during the trial. Therefore, to preserve an issue for trial, the issue shall be identified and preserved in this section of the Order. Failure to do so dismisses, waives or abandons that issue, claim or defense. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.")

B. The following issues shall be preserved for trial:

1. Plaintiff raises the following points of law:

a. Whether the response to the telemarketer's question was a material misrepresentation allowing Defendant to rescind its policy. (Old Line Insurance Company v. Superior Court, 229 Cal. App.3d 1600 (1991).)

b. Whether the question asked was sufficient to cause Shelly Freeman to understand and appreciate the significance of the information asked of her. (Thompson v. Occidental Life Ins. Co., 9 Ca.3d 904 (1973).)

c. Whether Defendant is guilty of fraud for issuing its policy of life insurance without the intention of performing.

d. Whether Defendant is guilty of bad faith for issuing its policy of life insurance without the intention of performing.

2. Defendant raises the following points of law:

a. Defendant is entitled to rescind the policy of insurance for a material misrepresentation during the two-year contestable period. Insurance Code section 359; Life Insurance Company of North America v. Capps, 660 F. 2d 392, 394 (9th Cir. 1981)

b. Defendant is under no burden to prove that the failure to disclose the history of a seizure disorder and the treatment for that disorder was intentional.

c. The failure of Shelly Freeman to disclose the history of and treatment for the seizure disorder is a material misrepresentation as the policy of insurance would not have been

issued if the history and treatment had been disclosed. See Insurance Code section 334, and Thompson v. Occidenial Life Ins. Co., 9 Cal. 3d 904, 915-916 (1973).

d. Shelly Freeman was aware of her seizure disorder and the fact that she was taking medication for this disorder and was obligated to disclose this history and treatment in response to a direct question regarding history and treatment for a diseases of the nervous system. See Life Insurance Co. of North America v. Capps, 660 F. 2d 392, 394 9th Cir. 198 1) and Wilson v. Western National Life Insurance Company, 235 Cal. App. 3d 981, 995 (1991).

e. The actual cause of death need not be related to the undisclosed condition for defendant to rescind the policy of insurance. Torkensen v. Family Life Insurance Co., 163 Cal. App. 2d 401, 405 (1958).

f. Shelly Freeman, having received the term life enrollment form confirmation as part of her policy, had a duty to advise defendant that she had answered the first health question erroneously. Telford v. New York Life Insurance Company, 9 Cal. 2d 103,107 (1937).

g. When an insurance contract is rescinded it is as if the policy of insurance never existed. Imperial Casualty and Indemnity Co. v. Sogomanian, 198 Cal. App. 3d 169, 184 (1988) 9.

C. In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

1. The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

2. The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than twenty (20) court days prior to the date of trial. A joint or partial joint trial brief is permitted. All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority. *See* Local Rule 16-285. If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial. The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3).

## VIII. WITNESSES

A. Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit A, attached hereto.

B. Defendant expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit B, attached hereto.

C. Each party may call a witness designated by the other.

D. No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E. If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify. The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

## IX. EXHIBITS

A. Plaintiff intends to offer in evidence the exhibits described in Exhibit C, attached hereto.

B. Defendant intends to offer in evidence the exhibits described in Exhibit D, attached hereto.

C. No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is for impeachment;

(2) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(3) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D. Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit. The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E. Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked

with colored stickers provided by the Court. To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court. Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, specifying the basis for each objection.[2] The failure to make objections in the manner prescribed by this section shall constitute a waiver of said objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on Friday, June 4, 1999. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced. Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

## X. <u>DISCOVERY DOCUMENTS</u>[3]

Plaintiff anticipates using the following discovery documents during trial:

---

[2] The parties have leave to file joint exhibits. The above procedure is designed to resolve disputes over separate exhibits.

[3] Counsel for the parties are required to meet and confer on whether it is appropriate to submit any documents to the judge prior to trial. If the parties decide this is appropriate, they shall reflect their agreement in a stipulation which has attached thereto whatever documents they agree can be considered by the judge before trial. The stipulation should be filed and submitted to the judge's chambers at the parties' earliest convenience.

The insurance policy; the death certificate; and a set of requests for production of documents and the response of Defendants to the request for production of documents. Plaintiff will also introduce letters from Defendant to Mr. Freeman dated January 29, 1997 and February 19, 1997 declining coverage.

Defendants anticipate using the following discovery documents during trial:

(1) Plaintiff's December 5, 1997 responses to defendant's August 25, 1997 interrogatories.

(2) Plaintiff's September 15, 1997 responses to defendant's August 25, 1997 requests for admission.

(3) Plaintiff s November 12, 1998 response to defendant's June 18, 1998 request for production.

Further Preparation for Use of Discovery Documents

A. It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B. Counsel are directed to file with the Court, and exchange with each other, not later than five (5) court days prior to commencement of trial, a statement designating such portions of any depositions intended to be offered or read into evidence (except for passages to be used solely for impeachment or rebuttal). Counsel are directed to file with the Court and exchange with each other not later than five (5) court days prior to commencement of trial, such portions of answers to

interrogatories and responses to requests for admissions intended to be offered or read into evidence (except for answers or responses to be used solely for impeachment or rebuttal).

C. Any deposition or parts thereof shall be submitted as an exhibit with a cover sheet explaining which objections, if any, are waived. Accordingly, deposition passages need not be read into the record.

XI. FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference. That order is confirmed. The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this Court.

XII. SETTLEMENT NEGOTIATIONS

A settlement conference is scheduled before the Honorable John F. Moulds on May 14, 1999, at 10:00 a.m. Each party is directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party is directed to submit a settlement conference statement directly to the chambers of Judge Moulds five (5) court days prior to the settlement conference. Such statements shall not be filed with the clerk nor served on opposing counsel. However, each party shall notify the other party or parties that the statement has been submitted to the judge's chambers.

XIII. PROPOSED FINDINGS AND CONCLUSIONS

Each party shall submit proposed prevailing party findings and conclusions ten (10) court days before trial. FAILURE TO DO SO DISMISSES, WAIVES, OR ABANDONS THAT ISSUE, CLAIM OR DEFENSE. The parties may supplement timely-submitted proposed findings and conclusions as trial progresses, up until closing arguments.

XIV. ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

XV. TRIAL DATE

The parties estimate a trial length of one (1) day. Trial is set for June 8, 1999. Trial will commence at 9:00 a.m. and shall be adjourned at approximately 5:30 p.m. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

XVI. OBJECTIONS TO PRETRIAL ORDER

Any party may, within fifteen (15) calendar days after the date this Order is filed, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested corrections, additions, and/or deletions. If no objections or modifications are made, this Order will become final without further order of the Court. A final pretrial order may only be modified upon a showing of manifest injustice.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS

<u>WELL AS ANY PARTY OR PARTIES WHO CAUSE NON-COMPLIANCE WITH THIS ORDER.</u>

IT IS SO ORDERED.

DATED: March 16, 1999

GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE

Attachment No. 1–Plaintiff's witnesses:

(1). Curtis Freeman.

(2). Gregory D. Reiber, M.D.

Attachment No. 2–Defendant's Witnesses:

(1). Custodian of Records of Kaiser Permanente, 10725 International Drive, Rancho Cordova, California.

(2). Jennifer L. Frederiksen, Allstate Life Insurance Company, 2775 Sanders Road, Northbrook, Illinois.

(3). Curtis Freeman.

Attachment No. 3 - Plaintiff's Exhibits

(1) The Life Insurance Policy

(2) The Death Certificate of Shelley Freeman

(3) The Proof of Claim submitted by Plaintiff

(4) Letter from Allstate Dated January 29, 1997

(5) Letter from Allstate Dated February 19, 1997

Attachment No. 4–Defendant's Exhibits.

(1). The transcript of the February 12, 1996 application.

(2). The tape recording of the February 12, 1996 application.

(3). Certificate number 111199610522 including the Term Life Enrollment Form Confirmation attached thereto.

(4). The November 13, 1996 Claimant's Statement.

(5). The Certificate of Death as amended on August 27, 1996.

(6). Allstate Life Insurance Company letter to Curtis Freeman dated June 21, 1996.

(7). Allstate Life Insurance Company letter to Curtis Freeman dated November 26, 1996.

(8). Allstate Life Insurance Company letter to Curtis Freeman dated December 30, 1996.

(9). Allstate Life Insurance Company letter to Curtis Freeman dated January 9, 1997.

(10). Allstate Life Insurance Company letter to Curtis Freeman dated January 27, 1997.

(11). Allstate Life Insurance Company letter to Curtis Freeman dated January 29, 1997.

(12). Allstate Life Insurance Company letter to Curtis Freeman dated February 19, 1997.

(13). Kaiser Permanente medical records of Shelly Freeman.

EXHIBIT "D"

dd

United States District Court
for the
Eastern District of California
March 18, 1999

* * CERTIFICATE OF SERVICE * *

2:97-cv-01579

Freeman

v.

Allstate Life Ins Co

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on March 18, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerrold Bennett Braunstein
Dennis Schottky Swanberg and Braunstein
3343 Bradshaw Road
Suite 121
Sacramento, CA 95827-2563

SF/GEB

CF/JFM
(Stlmnt Conf)

David A Riegels
Riegels Campos and Kenyon
PO Box 868
300 Capitol Mall
Suite 1700
Sacramento, CA 95812-0868

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk