FILED

JUN 2 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS FREEMAN, Plaintiff, v. ALLSTATE LIFE INSURANCE COMPANY, Defendant. | CIV NO. S-97-1579 GEB/PAN<br><br>RULING ON *IN LIMINE* MOTIONS |

On May 10, 1999, the parties filed a "Stipulation Re: Evidentiary Disagreements" (Stipulation) as required by the Final Pretrial Order of March 18, 1999 (FPO). See FPO at 5 (requiring that "[a]ll evidentiary disputes capable of being resolved by in limine motions shall be set forth in a document entitled 'Stipulation Re: Evidentiary Disagreements'"). Significantly, the FPO also prescribes:

> Since this procedure is intended to expedite the trial by allowing the judge to make binding pretrial rulings, all disputes must be argued in the exact manner arguments would be made on these matters during trial. Therefore, the exact proposition on which the evidence is asserted to be probative must be stated. *Failure to state a basis for admissibility or non-admissibility of any evidence constitutes a waiver or abandonment of that basis.*

Id. at 5.



48

1. <u>Proposed Underwriting Evidence</u>

Plaintiff objects to underwriting evidence proffered by Defendant, arguing that since this evidence was not produced in response to a document production request which Plaintiff issued September 12, 1997, the evidence should be excluded. Defendant rejoins that the evidence is relevant to specified issues in suit.

Plaintiff has failed to support his position that the challenged evidence should be excluded. Plaintiff has neither shown that the production request on which he relies was prosecuted before the magistrate judge as required for resolution of discovery disputes under Local Rule 72-302(c), nor has Plaintiff shown why he has not waived the right to prosecute that dispute before the district judge by his failure to crystalize the dispute as required by the FPO as a prerequisite to its resolution *in limine*. Thus, Plaintiff has both waived the right to seek discovery sanctions concerning this matter at this late stage of the proceeding and has failed to sustain his position on excludability of the challenged evidence as required by Section V of the FPO. Therefore, the motion is denied.

2. <u>Challenged Contemplated Testimony of Gregory D. Reiber, M.D.</u>

Defendant objects to the introduction "of any evidence or testimony by Gregory D. Reiber, M.D., on the ground that plaintiff did not disclose any expert witness in this matter and on the ground that any testimony purporting to contradict the cause of death as shown in the August 27, 1996, amendment to the death of Shelly Freeman is irrelevant." Stip. Re Evid. Dis. filed May 10, 1999, at 2. Plaintiff simply responds by stating "Plaintiff intends to call Dr. Reiber as a witness."

Plaintiff's response is woefully inadequate under the requirement in the FPO that he support his position with "the precise legal and factual basis for [the] admissibility" of the challenged disputed evidence. FPO at 5. Since Plaintiff failed to disclose Dr. Reiber as an expert witness as required by the Rule 16 scheduling order filed November 5, 1997, he is precluded from calling Dr. Reiber as an expert witness. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 283 (8th Cir. 1995); see also Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir. 1986) (finding that the trial court properly excluded an expert's testimony where the defendant gave the plaintiffs "no advance notice of the fact and substance of his expert testimony and therefore no opportunity to prepare to meet it"); Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1382-83 (9th Cir. 1984) ("the district court may, in its discretion, exclude expert witnesses not disclosed in pretrial as required by local rules"). Further, since Plaintiff fails to show that Dr. Reiber will give relevant testimony as a Rule 701 witness, Defendant's motion is granted. See Miller v. Fairchild Indus., Inc., 885 F.2d 498, 512 (9th Cir. 1989). Accordingly, Dr. Reiber is excluded as a witness.

IT IS SO ORDERED.

Dated: June 1, 1999

GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE

rb

United States District Court
for the
Eastern District of California
June 2, 1999

* * CERTIFICATE OF SERVICE * *

2:97-cv-01579

Freeman

v.

Allstate Life Ins Co

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on June 2, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Jerrold Bennett Braunstein SF/GEB
Dennis Schottky Swanberg and Braunstein
3343 Bradshaw Road
Suite 121
Sacramento, CA 95827-2563

David A Riegels
Riegels Campos and Kenyon
2500 Venture Oaks Way
Suite 220
Sacramento, CA 95833-0868

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk